CLARENCE UMSTOT et al. *v.* A. J. LEWIS.

*Assumpsit—For Materials and Labor—Evidence in Diminution of Claim.*

In assumpsit for the price of automobile parts and repairs, evidence that they were furnished for a truck, which had been bought by defendant from plaintiff with a warranty by the latter as to its working, was admissible without any plea of set-off, to show that defendant was never indebted for part at least of the items in suit, on the ground that plaintiffs, under the warranty, were bound to furnish them without charge.

pp. 622, 623

The admission of testimony "subject to exception" does not call for consideration on appeal. p. 623

*Decided November 4th, 1927.*

Appeal from the Circuit Court for Allegany County (Doub, J.).

Action by Clarence Umstot and Harry Umstot, partners trading as Umstot Brothers, against A. J. Lewis. From the judgment rendered, plaintiffs appeal. Affirmed.

The cause was argued before Bond, C. J., Pattison, Urner, Adkins, Offutt, Digges, and Sloan, JJ.

*Saul Praeger,* for the appellant.

*P. Clarence Barnes,* for the appellee.

Adkins, J., delivered the opinion of the Court.

This appeal is from a judgment of *non pros.* on a verdict for plaintiffs for $37.32, and judgment for defendant for costs. The case was tried by the court sitting without a jury.

The argument, on appeal, on the part of both appellants and appellee, deals with the question of set-off and recoupment, the former contending that the defense set up by appellee could not be made without a plea of set-off, and the latter insisting that it could be made by way of recoupment. During the progress of the trial below the court admitted, subject to exception, certain testimony which was objected to by plaintiffs, with the view that the pleas would be amended and a plea of set-off filed. But such a plea was not in fact filed, and, as the court refused to strike out such testimony, it must later have reached the conclusion that, after all, another theory was tenable, viz: that the testimony objected to was admissible as tending to prove that defendant never was indebted for part at least of the items charged in the bill of particulars of the plaintiffs' claim, and, therefore, as to such items, the principles governing set-off and recoupment were not involved. In this we agree with the trial court. The suit was in assumpsit on three of the common counts and a fourth "for automobile parts, automobile repairs, gasoline, oil, work and labor and other materials furnished to the defendant by the plaintiffs at defendant's request from May 21st to October 27th, 1925, in the sum of $337.64." Attached to the *narr.* was an itemized account of materials and labor furnished. Defendant pleaded the gen-

eral issue pleas.  Plaintiffs proved that the materials and labor charged were furnished, that the prices were reasonable, and that no part of its bill had been paid.  There was no dispute about the items of gas and oil.  The defendant was asked "Did you have a truck deal with Umstot Brothers some time early in 1925?  A. Yes, sir.  Q. Go on, tell the court in a general way about that transaction."  The question was objected to, and the objection was overruled.  That ruling is the subject of the first bill of exception.  Counsel for defendant explained that defendant wanted to show how he bought this truck and that he didn't want to pay for these repairs on account of the warranty of the truck by the sellers.  The court said that everything that has relation to the purchase and condition of the truck would be admitted subject to exception.  The first bill of exception therefore need not be further considered.

The gist of defendant's testimony was that he bought the truck under an oral guaranty that the truck was in first-class condition and would do good work, and if it did not work they would make it work; and that the materials furnished and work done were furnished and done because the truck would not work as warranted.

At the close of defendant's testimony plaintiffs moved to strike out the testimony regarding warranty of the truck and the condition of the same.  The refusal to grant this motion is the subject of the second bill of exception.

The third exception was to a ruling on a hypothetical question which was not stressed in argument.  We find no reversible error in that ruling.

The fourth exception was to the overruling, at the close of the case, of plaintiffs' motion "to strike out all the testimony that has relation to the warranty, purchase and condition of the truck which was admitted by the court subject to exception."

Plaintiffs offered nine prayers, of which the first, second and fourth were granted.  The fifth exception is to the refusal of their third, fifth, seventh and ninth prayers.

In our opinion there was no error in the ruling of the court in the second and fourth bills of exception, as there was

evidence tending to show that under the original contract for the sale of the truck appellants were bound to furnish without charge at least some of the items included in their bill. This disposes also of the fifth bill of exception, as all of the rejected prayers, except the ninth, asked for a directed verdict. The ninth prayer was properly refused, if for no other reason, because it was too argumentative and discursive and would have tended to confuse the issue. It appears to have been prepared in contemplation of a plea of set-off which is not in the case.

*Judgment affirmed, with costs to appellee.*